IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ANITA McLEMORE, # 16050-043,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.                                          Case No. 13-cv-163-DRH

MEMORANDUM AND ORDER

HERNDON, Chief District Judge:

Petitioner, currently incarcerated in the Federal Correctional Institution at Greenville, Illinois ("Greenville"), brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the execution of her sentence. This matter is now before the Court for review of the petition pursuant to Rule 4 of the Rules Governing § 2254 Cases in United States District Courts, which provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Petitioner pled guilty to one violation of 18 U.S.C. § 287 for false and fraudulent claims, and she was sentenced on November 3, 2011, to a term of three years of imprisonment. *United States v. McLemore*, Case No. 11-cr-15HTW-FKB-001 (S.D. Miss., Doc. 22). Her petition asserts that she has a

projected release date of August 13, 2014 (Doc. 1, p. 1). She asserts that the prison has not properly considered her eligibility for up to 12 months' placement in a halfway house, also known as a residential re-entry center, under 18 U.S.C. § 3621(b) and § 3624(c) or properly granted petitioner good conduct credits for each year of her incarceration (Doc. 1, pp. 6, 14; Doc. 1-1, pp. 1-2). Petitioner alleges that the prison has taken the firm position that no inmate will receive more than six months of placement in a halfway house (Doc. 1, p. 23). As relief, she seeks an order requiring the Federal Bureau of Prisons and Greenville to implement the Second Chance Act on an individualized basis by applying the five factors set forth in 18 U.S.C. § 3621(b) to determine her eligibility for entry into a halfway house and by granting her the maximum amount of time in the placement that is consistent with 18 U.S.C. § 3624(c)(6)(C) (Doc. 1, p. 29).

Petitioner asks the Court to excuse her from the requirement that she exhaust her administrative remedies prior to bringing a habeas action (Doc. 1, pp. 20, 22). *See Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court). Petitioner reasons that exhaustion would be futile and would also cut into her potential halfway house placement time (Doc. 1, pp. 20, 22). She asserts that exhaustion would take 4-6 months, or more (Doc. 1, pp. 17-18). She maintains that she cannot begin the administrative review process until her unit manager processes her halfway house placement packet, which is typically completed 17-19 months prior to the projected release

date.[1] In this case, it appears that the packet was not processed before petitioner filed this action.[2] She also does not include any information addressing whether or when she sought administrative review of her case within the prison system and, if so, whether she received any response. The Court notes that petitioner's projected release date is August 13, 2014, and the interim seventeen months between now and her release date still allow sufficient time to at least initiate the administrative review process before seeking relief from the Court.

In addition, petitioner has not named the proper respondent in this habeas action. In a habeas corpus proceeding, an individual respondent who has the authority to bring the petitioner before the Court must be named. This individual is the prisoner's custodian, i.e., the warden of the prison where the inmate is confined. *See Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006). Therefore, the instant petition shall be dismissed, and petitioner must submit an amended petition which names the proper respondent if she wishes to proceed with this case.

Equally important, if the Court is to consider any waiver of the requirement to exhaust administrative remedies within the Bureau of Prisons ("BOP") before

---

[1] This window of time falls between January 13th and March 13th, 2013. Petitioner filed this action on February 19, 2013, eighteen months before her projected release date, which was within the allowable time for processing her halfway house placement packet and before the packet was completed. It is unclear whether the prison has since completed the packet in a timely manner. In any event, petitioner filed this action prematurely.

[2] The Court notes that petitioner, a female, uses masculine pronouns throughout the petition (e.g., "[H]is RRC placement packet has not been processed. . . ."). It is therefore unclear whether the allegations in the petition are specific to this petitioner or were inadvertently included by petitioner when she adapted this form petition for her own use.

initiating a habeas action, the Court must be informed of what attempts petitioner has made to obtain relief through administrative action and appeals. Petitioner must provide sufficient details regarding responses to afford the Court the opportunity to adequately analyze this issue.

Accordingly, petitioner is **ORDERED** to submit an amended petition **on or before April 2, 2013**. The amended petition shall include complete and accurate information regarding the steps petitioner has taken to seek review of the halfway house placement decision within the BOP and the response, if any, she has received from prison officials. The amended document shall be designated "First Amended Petition" and shall supersede and replace the original petition and attachments (Docs. 1, 1-1 to 1-15). *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original petition. Thus, the First Amended Petition must stand on its own, without reference to any other pleading. In addition, petitioner must resubmit any exhibits and attachments that she wishes the Court to consider along with her amended petition. Failure to file an amended petition shall result in the dismissal of this action.

In order to assist petitioner in preparing her amended petition, the Clerk is **DIRECTED** to mail petitioner a blank form petition for a writ of habeas corpus under 28 U.S.C. § 2241, along with instructions.

The instant petition (Doc. 1) is **DISMISSED without prejudice** as petitioner is directed to file an amended petition in accordance with the Court's directives by **April 2, 2013.**

**IT IS SO ORDERED.**

Signed this 12th day of March, 2013.

David R. Herndon
2013.03.12
13:50:54 -05'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**