IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**ANITA McLEMORE, # 16050-043,**

**Petitioner,**

  vs.               Case No. 13-cv-163-DRH

**BUREAU OF PRISONS**
**and JAMES CROSS,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief District Judge:**

  This matter is now before the Court for preliminary review of the First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Doc. 6). Petitioner filed the amended petition on April 1, 2013, in response to the Court's order of March 12, 2013 (Doc. 5). Petitioner pled guilty to one violation of 18 U.S.C. § 287 for false and fraudulent claims, and she was sentenced on November 3, 2011, to three years of imprisonment. *United States v. McLemore*, Case No. 11-cr-15HTW-FKB-001 (S.D. Miss., Doc. 22). In her amended petition, Petitioner challenges the implementation and execution of her residential re-entry center ("RRC") placement, her home detention eligibility placement, and the calculation of her good conduct credit under 28 C.F.R. §§ 570.20(a)(b) and 570.21(a)(b) and 18 U.S.C. §§ 3624(b) and 3624(c)(6)(A)(B)(C) (Doc. 6, p. 4).

  Petitioner challenges the Bureau of Prison's decision to run her RRC placement concurrent with, rather than consecutive to, her home detention

eligibility date (Doc. 6, p. 6). In her amended petition, Petitioner asserts that the prison has not properly considered her eligibility for up to 12 months of RRC placement. Petitioner states that she has a projected release date of August 13, 2014 (Doc. 6, p. 7). She has a home detention eligibility date of April 24, 2014. If Petitioner is granted 12 months of RRC placement, her placement should commence on April 24, 2013.

Moreover, Petitioner alleges that she is eligible for up to 54 days per year of good conduct credit. *See* 18 U.S.C. § 3624(b). For 3 years of incarceration, Petitioner should be eligible for 162 days of good conduct credit. However, only 141 days have been allowed (Doc. 6, p. 7).

Despite many requests, the Bureau of Prisons has not processed Petitioner's application for RRC placement. Petitioner alleges that the application should have been processed 17-19 months before her projected release date. Petitioner requested that her application be processed in inmate request forms dated February 12th, February 28th, March 11th, and March 27th, 2013 (Doc. 6, pp. 12-17). She filed an informal resolution form (BP-9) on March 28, 2013 (Doc. 6, p. 18). As of April 1, 2013, the BOP had not processed her application (Doc. 6, p. 7).

Petitioner asks the Court to excuse her from the requirement that she exhaust her administrative remedies[1] prior to bringing a habeas action (Doc. 6, p.

---

[1] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq.* An inmate must first "informally" present a complaint to staff for resolution. 28 C.F.R. § 542.13(a). If the inmate is dissatisfied with the response, he must file a BP-9 (Request for Administrative

2). She explains that she "did not seek administrative remed[ies] due to time constraints" (Doc. 6, p. 2). In addition, her "extensive efforts" to resolve this matter with staff were futile. Petitioner alleges that further attempts to pursue her administrative remedies will unnecessarily delay her RRC placement. *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989) ("The Bureau [of Prisons] must be given a chance to clean up its act before the courts are asked to intervene."); *Sanchez v. Miller*, 792 F.2d 694, 697 (7th Cir. 1986) (federal prisoners must first exhaust administrative remedies prior to bringing a petition for a writ of habeas corpus in federal court).

**Disposition**

Without commenting on the merits of Petitioner's claims, the Court concludes that the petition survives preliminary review under Rule 4 and Rule 1(b) of the Rules Governing Section 2254 Cases in United States District Courts.[2]

**IT IS HEREBY ORDERED** that Respondent shall answer or otherwise plead on or before **May 9 , 2013**. This preliminary order to respond does not, of course, preclude the Government from raising any objection or defense it may wish to present. Service upon the United States Attorney for the Southern

---

Remedy) seeking administrative review with the warden within 20 days of the incident. *See* 28 C.F.R. § 542.14(a). If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP-10 with the Bureau of Prisons' regional director. *See* 28 C.F.R. § 542.15(a). If the matter is not resolved by the regional director's disposition, the final level of appeal is to the Bureau of Prisons' general counsel, where a BP-11 must be filed within 30 days. *Id.*; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).
[2] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS ALSO ORDERED** that Defendant **BUREAU OF PRISONS** is hereby **DISMISSED with prejudice** from this action. As instructed by this Court, Petitioner filed an amended petition naming her custodian, i.e., the warden of the prison where she is currently incarcerated. *See Rumsfeld v. Padilla,* 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim,* 443 F.3d 946, 948-49 (7th Cir. 2006). However, Petitioner also named the Bureau of Prisons, which is not a proper respondent in a habeas action.

Petitioner is **ADVISED** of her continuing obligation to keep the Clerk (and Respondent) informed of any change in her whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven (7) days after a transfer or other change in address occurs. Failure to provide such notice may result in dismissal of this action. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Signed this 19th day of April, 2013.

David R. Herndon
2013.04.19
05:57:45 -05'00'

**Chief Judge**
**United States District Court**